UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTERRIOUS CLARK, | No. 2:13-cv-1885 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| M. HERRERA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff contends defendant Herrera used excessive force on him in violation of the Eighth Amendment. On May 26, 2017, defendant filed a motion for summary judgment. Despite court orders giving plaintiff several extensions of time, plaintiff has not filed an opposition to the summary judgment motion. In the last order allowing an extension of time, the court informed plaintiff that if he failed to file an opposition, the court would recommend dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b). (Oct. 15, 2017 Order (ECF No. 38) at 2.)

On October 30, 2017, plaintiff filed a request to dismiss this case. (ECF No. 39.) Therein, plaintiff states that he wishes to dismiss this action without prejudice to his right to re-file it at a later date. Plaintiff states that "constant lock-downs" at the prison have prevented him from using the law library.

1

Plaintiff has the option of seeking voluntary dismissal of this case. It is his decision alone. However, the court is concerned that plaintiff may not be aware that he may be unable to re-file this action due to the statute of limitations. The court is rendering no opinion about the applicability of the statute of limitations to any action plaintiff may file in the future. However, to make sure plaintiff has considered this possibility, the court provides plaintiff general information about the statute of limitations.

For actions under 42 U.S.C. § 1983, this court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

This limitations period is statutorily tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

Also in California, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). Because administrative exhaustion is statutorily required of prisoner civil rights complaints under the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), this requirement provides a federal statutory basis to invoke the state's equitable tolling. See, e.g., Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2001)

Additionally, "[u]nder California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000) (citation omitted); see also Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) ("This court has applied equitable tolling in carefully

considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."); but see Diggs v. Williams, 2006 WL 1627887, at *3, 2006 U.S. Dist. LEXIS 37772, at *9 (E.D. Cal. June 8, 2006) (Case No. 2:05-cv-1168 DFL GGH P) ("California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action.") (collecting cases).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

At this point, plaintiff has two choices. First, he may withdraw his motion to dismiss. However, if he chooses to do so, plaintiff must explain to the court why he has failed to file an opposition to the motion for summary judgment in the last six months. Plaintiff must provide specific details about what has occurred over the last six months in order for the court to determine whether he was justified in failing to file an opposition. If the court finds plaintiff has justified his failure to file a timely opposition, the court will permit plaintiff one last opportunity to file that opposition. If the court finds plaintiff has not provided a sufficient justification for his failure to file an opposition, then this court will recommend dismissal of this action for plaintiff's failure to comply with court orders and the local rules. See E.D. Cal. R. 110; Fed. R. Civ. P. 41.

Plaintiff's second choice is to maintain his motion to dismiss. If plaintiff does not respond to this order, the court will assume plaintiff has chosen this second option and the court will then recommend dismissal of this case.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall file any notice that he withdraws his motion to dismiss along with an explanation for his failure to file an opposition to the motion for summary judgment. If plaintiff chooses not

////

////

////

3

to file a notice or if the court finds plaintiff's explanation insufficient, the court will recommend this action be dismissed without prejudice.

Dated: November 29, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/clar1885.vol dism sl